OPINION OF THE COURT
Herbert B. Ray, J.
This matter is before the court on a petition filed pursuant to Domestic Relations Law § 114 (4). The petitioner, Rosemarie K., states in her petition that she gave birth to a son on October 16, 1978 and subsequently relinquished the child for adoption. Her petition states that she is “seeking to contact the child I gave up for adoption because of my urgent need to com *250 municate vital medical information to him. This information was not known to the Broome County Department of Social Services at the time of his birth. This information was not known to me at the time of his birth. He has no other access to this information.” Annexed to the petition are two supporting affidavits from physicians licensed by the State of New York. Dr. Jerome Cohen states in his affidavit that Ms. K. recently suffered a small lacunar brain infarct, commonly referred to as a stroke. He further states that it is unusual for patients to suffer a stroke at such an early age, and that it is his medical opinion that her 25-year history of smoking cigarettes is a major contributing factor to this condition. Dr. Kent Struck states in his affidavit that Ms. K. suffers from alcoholism and severe degenerative arthritis in both knees. Both physicians state in their affidavits that failure to warn the child of the conditions poses a significant risk to the child.
Domestic Relations Law § 114 (4) contemplates disclosure or access to and inspection of sealed adoption records and orders upon application of the adoptive child. The case law interpreting this section deals with establishing the appropriate procedures for balancing the interests of the biological parents with the interests of the adoptive child and society. (See, Golan v Wise Servs., 69 NY2d 343 [1987].) There are no reported cases of Domestic Relations Law § 114 (4) being used by a biological parent to gain access to an adoptive child.
Domestic Relations Law § 114 (4) contemplates an application by a child who knows that he or she is adopted. He or she applies to the court, for good cause, to have access to his or her adoptive records. The situation at hand involves a child who may or may not know of his adoptive status. The plain language of the statute involves access by a child to the records involving his biological parents. All the involved parties in the situation contemplated by the statute are obviously aware of the adoption: the adoptive child who makes the application, the adoptive parents and the biological parents. In the case at bar, there is no assurance that the adoptive parents have informed the child of his status. It seems to this court that had the Legislature intended to allow biological parents access to the sealed records under Domestic Relations Law § 114 (4) that they would have drafted Domestic Relations Law § 114 (4) to provide them this access.
It is the court’s opinion that despite the good intentions of Ms. K. in filing this petition and the arguable merit to her belief that the child would benefit by having this medical infor *251 mation, this court does not have authority under Domestic Relations Law § 114 (4) to grant the relief requested.
Wherefore, it is hereby ordered that upon the court’s motion, sua sponte, the petition filed October 6, 1999 is dismissed.